PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANE GORDON, | ) | CASE NO. 1:25mc006 |
| Petitioner, | ) ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| MEDINA COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondents. | ) ) | |

Shane Gordon filed a *pro se* Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 1) on behalf of his wife, Jenifer Gordon, asking the Court to block her extradition to Virginia to face parole violation charges pertaining to her Virginia conviction and sentence. The Motion contained a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 as an attachment (ECF No. 1-2). The Motion and Petition are improper. For the reasons set forth below, both the Motion and the Petition are denied and this action is dismissed.

Jenifer Gordon was convicted in a Virginia state court on charges of assault and resisting arrest. It appears that Jenifer Gordon served a prison term because Shane Gordon indicates that she was released in July 2024. (ECF No. 1-2 at PageID #: 8). The State of Virginia permitted her to reside in Ohio and to serve her parole under the supervision of the Ohio Adult Parole Authority ("OAPA"). (ECF No. 1-2 at PageID #: 8). Virginia Circuit Court Judge Stacey W. Moreau issued a capias on February 7, 2025. (ECF No. 1-2 at PageID #: 8). Jenifer Gordon was arrested on the

(1:25mc006)

capias by the Medina County Sheriff's Department on February 24, 2025. (ECF No. 1-2 at PageID #: 8). Shane Gordon has now filed this action with a Motion and a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 asking the Court to order the U.S. Marshals to take custody of his wife to prevent the State of Virginia from extraditing her to face parole violation charges.

The filing is fatally defective in several ways. First, Shane Gordon is not an attorney. Cases in the Courts of the United States may be conducted only by the parties personally or through licensed counsel. 28 U.S.C. § 1654. This statute does not allow for an unlicensed layman to represent anyone in federal court other than himself. *See Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991). The fact that Shane Gordon has a power of attorney for Jenifer Gordon does not change this result. *See J.M. Huber Corp. v. Roberts*, No. 88–6160, 1989 WL 16866, at * 1 (6th Cir. Feb.17, 1989); *Brown v. Middlebrook*, No. 08–3312, 2009 WL 536553, at * 1 (D. Kan. Mar.3, 2009); *Doyle v. Schumann*, No. 1:07cv3684, 2008 WL 397588, at * 2 (N.D. Ohio Feb.11, 2008). A power of attorney is quite distinct from a license to practice law. Jenifer Gordon did not sign the Petition or any of the Motions in this case. Without her signature or the signature of a licensed attorney, the case is not properly before the Court.

Furthermore, even if this case could proceed without Jenifer Gordon's signature, a case cannot be initiated with a Motion for a Temporary Restraining Order. It requires a Complaint or a Petition to invoke federal court jurisdiction. *See* Fed. R. Civ. P. 3. The Court cannot grant injunctive relief without a proper civil action before it.

(1:25mc006)

Shane Gordon attached a Habeas Petition under 28 U.S.C. § 2241 to the Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 1-2). Even if the Court construes this as a habeas petition, it cannot proceed under 28 U.S.C. § 2241. Jenifer Gordon is a convicted state prisoner. As a state prisoner, 28 U.S.C. § 2254 is the exclusive vehicle for challenging a state court conviction or sentence. The Court, however, cannot convert a § 2241 petition to one filed under § 2254 because a § 2254 petition is subject to the restrictions of the Antiterrorism and Effective Death Penalty Act's (AEDPA), including the one-year statute of limitations, limitations on successive petitions, and state court exhaustion requirements. *Warren v. Miller*, No. 1:05-CV-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing petition for writ of habeas corpus brought by state prisoner under section 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254). A petition under 28 U.S.C. § 2241 would be dismissed as the wrong type of action.

Finally, a federal court in the Northern District of Ohio has no authority to interfere in a Virginia state court criminal proceeding. Therefore, the Court cannot take custody of a Virginia state prisoner solely to prevent the State of Virginia from conducting a parole revocation hearing pertaining to a conviction and sentence imposed by a Virginia state court. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

### IV. Conclusion

Accordingly, the Motion for Temporary Restraining Order and Preliminary Injunction, and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 are denied and this action is

(1:25mc006)

dismissed.  All other pending Motions are denied.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

March 6, 2025                                        /s/ *Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                            United States District Judge